IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISON

| | | |
|---|---|---|
| CHARLES HICKS, | ) | |
| AIS #246241 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 02:06-CV-990-M |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## SPECIAL REPORT

**COMES NOW** the Defendant, RICHARD F. ALLEN, by and through counsel, and files this Special Report by submitting the following:

## PLAINTIFF'S ALLEGATIONS

1. The Plaintiff, Charles Hicks (AIS# 246241) is an inmate in the Frank Lee Youth Center (F.L.Y.C.) located in Deatsville, Alabama. Hicks alleges that while he was housed in F.L.Y.C., Commissioner Allen, and possibly other the prison officials were deliberately indifferent because Hicks has not received proper medical care.

2. The Plaintiff seeks only injunctive relief (i.e. medical care, a free world doctor and /or specialist.)(See Complaint)

3. As directed, the Defendant has undertaken a review of the Plaintiff Hicks' claims to determine facts and circumstances relevant thereto. At this time, the

Defendant is submitting this Report, which is supported by the Affidavit of Warden John Cummings II (see Exhibit "A"), the Affidavit of Commissioner Richard F. Allen (attached hereto as Exhibit "B").

## **DEFENDANT**

1. Commissioner Richard F. Allen, ALDOC, 601 S. Perry St., Montgomery, AL.

## **DEFENSES**

The Defendant asserts the following defenses to the Plaintiff's claims:

1. The Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demands strict proof thereof.

2. The Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any of the relief requested.

5. The Defendant pleads the defense of qualified immunity and avers that any purported action taken was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

6. The Defendant is entitled to qualified immunity and avers it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that the Defendant violated any clearly established constitutional right.

7. The Defendant cannot be held liable on the basis of *respondent superior,* agency, or vicarious liability theories.

8. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9. The allegations contained in the Plaintiff's Complaint against the Defendant, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against

persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Edu. Of Escambia County, 880 F. 2d 305, 309 (11th. 1989).

10. The Defendant pleads all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendant was at all times acting under the color of state law and therefore, he is entitled to substantive immunity.

12. The Defendant pleads the general issue.

13. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against this Defendant would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of Plaintiff against this Defendant in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. The Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff.

16. The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

17. The Defendant suggests that any prayers for medical care are without merit and are otherwise MOOT.

18. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

19. The Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

20. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal cour.

21. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from this Defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

## ARGUMENT

The Plaintiff (hereinafter referred to as "Hicks") sues Allen, Commissioner of the Alabama Department of Corrections, assumingly, on a potential § 1983 theory that he has failed to provide him adequate medical care. (see Complaint). Medical care is provided to each inmate from the Department of Corrections' medical provider, Prison Health Services (PHS). As such, Allen does not involve himself in the daily medical decisions or medical treatment of state inmates (See Affidavit of Allen, marked as Exhibit "B"). The language of 42 U.S.C. § 1983 requires proof of a causal connection between the purported actions or omissions of this defendant and any constitutional deprivation. Jones v. Pruett & Mauldin, 851 F. 2d 1321 (11th Cir. 1988). The requisite causal connection may be shown by the personal participation of Allen,

a policy or custom established by Allen that results in a deliberate indifference to the plaintiff's decedent's rights or breach of a duty imposed by state or local law. Zatler v. Wainwright, 802 F. 2d 397 (11th Cir. 1986). Hicks' complaint fails to specifically allege that Allen had the ability to establish a custom or policy in regards to the alleged actions or omissions of the personnel at the facility. Further, the complaint fails to allege a causal connection between the purported custom or policy and alleged injury or harm to Hicks.

Hicks alleges that between April 2006 and October 19, 2006, Allen or the medical provider, Prison Health Services (PHS) or Dr. Corbier, have not provided adequate medical care (See Complaint). Hicks claims that he has been having problems with his left leg and foot , and as a result, he cannot wear a shoe because of swelling (Id.) He also submits that as a result of his leg problems, it may be amputated but there is no medical proof supporting that allegation (Id.). Hicks also complained that he is not receiving proper diabetes and eye care (Id.). Hicks has made complaints to Warden John Cummings II about his medical care and as result, Cummings contacted Director of Nursing, Daryl Ellis who is located at Staton Health Care Unit (see affidavit of John Cummins II marked as Exhibit "A"). Cummings was informed that Hicks was scheduled to see a free world doctor on the following day and has been receiving proper medication for the swelling in his leg (Id.) Cummings also states that Hicks has been receiving regular eye care as all inmates receive (Id.) In sum, neither Allen nor anyone else at the Alabama Department Corrections can do more than what has been done for Hicks. There is no evidence that any equitable relief prayed for by Hicks is required and as such, Hicks' requests should be denied.

Hicks assumingly alleges that Allen violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. The Eighth Amendment governs the

conditions under which convicted prisoners are confined and the treatment they receive while in prison. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)); see also Whitley v. Albers, 475 U.S. 312, 327 (1986) (holding that "the Due Process Clause affords . . . no greater protection"). While "[t]he Constitution 'does not mandate comfortable prisons,'" it does not "permit inhumane ones." Id. (internal citations omitted). The Amendment requires prison officials to provide "humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmate.'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-57 (1984)). However, not "every governmental action affecting the interest or well-bring of a prisoner" is to be scrutinized by the courts; rather, "[a]fter incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley, 475 U.S. at 319 (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)) (internal quotation marks omitted). The government has an obligation to provide medical care to those it incarcerates. See Estelle v. Gamble, 429 U.S. 96, 103 (1976). Deliberate indifference to the serious medical needs of inmates constitutes the "unnecessary and wanton infliction of pain" prohibited by the Constitution. Id. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). In Estelle, the Supreme Court held that a prison physician's "negligen[ce] in diagnosing or treating a medical condition" was not sufficient to establish a claim of deliberate indifference under the Eighth Amendment. 429 U.S. at 106. Medical malpractice is not a constitutional violation simply because the victim is a prisoner (Id.).Clearly, the obvious care provided to Hicks was neither inhumane nor involves the unnecessary and wanton infliction of pain.

6

Hicks must establish acts or omissions of Allen "sufficiently harmful to evidence deliberate indifference to serious medical needs." Id.; see also McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). The Supreme Court noted in Estelle that the plaintiff's primary allegation was that "more should have been done" to diagnose and treat a back injury. Id. at 107. In Estelle, the Court explained, "a medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." Id. Deliberate indifference to an inmate's serious medical needs "is shown when prison officials have prevented [him] from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment." Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11th Cir. 1985). There is absolutely no evidence that Commissioner Allen or any other alleged defendant prevented Hicks from getting his medical treatment. On the contrary, the evidence is that Hicks is getting medical care for his purported conditions. It seems that Hicks generally complains that he is not getting certain, desired medical care that he deems necessary and appropriate. Certainly Hicks' "wish list" for medical care is not what the law requires.

Clearly, Hicks pleading and proof does not reach the level needed to establish deliberate indifference. The Supreme Court rejected a purely objective test for deliberate indifference, adopting instead a standard which includes both objective and subjective components. We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. An act or omission unaccompanied by knowledge of a significant risk of harm might

7

well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment. Farmer, 511 U.S. at 837 (internal citations omitted). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring control over a tumultuous cellblock." Whitley, 475 U.S. at 319; see also Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996). In this case, there is no evidence of any knowledge, suspicion, or hint of inadequate medical care on the part of Allen to establish a constitutional deprivation.

Hicks must satisfy both an objective and a subjective inquiry in order to establish that Allen acted with deliberate indifference. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir.2000); Adams v. Page, 61 F.3d 1537, 1543 (11th Cir. 1995)). The objective component is met by providing evidence of a serious medical need. Id. The subjective component requires showing that the official acted "with an attitude of 'deliberate indifference' to that serious medical need." (Id.). Thus, Hicks must show that Allen was knowledgeable of any of the purported specific failures of medical treatment and then, with that knowledge, he intentionally and wantonly did nothing about it.

Pursuant to the Court's November 5, 2006 Order, Allen requests that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment.

8

Allen has demonstrated through his evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and he is therefore, entitled to a judgment in his favor as a matter of law and that Hicks is not entitled to any injunctive relief.

## CONCLUSION

The Plaintiff's complaint is due to be dismissed on its face, and is, further, disproved by the evidence now before the Court. Accordingly, this defendant requests that this Honorable Court either dismiss the Plaintiff's Complaint, with or without prejudice, or enter a judgment in his favor.

        Respectfully submitted,

        KIM T. THOMAS
        DEPUTY ATTORNEY GENERAL
        GENERAL COUNSEL

        /s/GREG BIGGS (BIG004)
        GREG BIGGS (BIG004)
        ASSISTANT ATTORNEY GENERAL
        ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL  36130
(334) 353-3885

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 29th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Inmate Charles Hicks
AIS # 246241
Frank Lee Youth Center
P.O. Box 220410
Deatsville, AL. 36016

/s/Greg Biggs
Greg Biggs
Assistant Attorney General
Assistant General Counsel

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Charles Hicks, # 246241 | ) |
| PLAINTIFF, | ) |
| vs. | ) CIVIL ACTION NO. 2:06-CV-990-M |
| Alabama Dept. of Corrections, et al., | ) |
| DEFENDANTS. | ) |

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared John Cummins II, who being known by me and first duly sworn, deposes and says on oath as follows:

My name is John Cummins II and I am presently employed as a Warden II with the Department of Corrections, at Frank Lee Youth Center, Deatsville, Alabama. I am over twenty-one (21) years of age. By my signature below, I certify that the statements therein are true to the best of my knowledge.

Inmate Charles Hicks #246241 has complained many times about his medical treatment while assigned to Frank Lee Youth Center. On or around October 24, 2006, I called inmate Hicks to my office after receiving a request from him to talk with me. I observed inmate Hicks' ankle to be severely swollen and e-mailed my concerns to Darryl Ellis, D.O.N. at Staton Health Care Unit. Mr. Ellis responded stating that inmate Hicks had been prescribed medication for the swelling and that he was scheduled to see a "Free World" medical physician the following day.



DEFENDANT'S EXHIBIT A

Regarding the other complaints, inmate Hicks is provided access to the eye doctor and eye care as are all inmates assigned to Frank Lee Youth Center. The diabetic menu schedule set by the state dietician is followed by the Food Services staff assigned to this facility.

This, I do hereby certify and affirm this 21st day of November, 2006.

*John Cummins II*
John Cummins II, Warden II
Frank Lee Youth Center


STATE OF ALABAMA)
ELMORE COUNTY   )

Sworn to and subscribed before me and given under my hand and official seal this the 22nd day of November 2006.

*Kimberly M. Higgins*
Notary Public

1-9-09
My Commission Expires

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS, AIS # 246241 )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALABAMA DEPT. OF CORRECTIONS, )<br>ET AL., )<br>)<br>Defendants. ) | CIVIL ACTION NO. CV-06-990 |

## AFFIDAVIT

STATE OF ALABAMA

MONTGOMERY COUNTY

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Richard Allen, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Richard Allen. I am presently employed as Commissioner of the Alabama Department of Corrections. I am over twenty-one (21) years of age.

I do not know the Plaintiff in this matter and to my knowledge have not had any contact with him. As Commissioner, I do not control the daily operation of Frank Lee Youth Center or other various institutions of the Department, and had no involvement in the alleged incident. Also, as Commissioner, I do not make decisions regarding medical treatment for inmates, and do not attempt to intercede, overrule, or influence any decisions made by medical personnel regarding medical treatment for inmates.



DEFENDANT'S EXHIBIT B

<u>CHARLES HICKS #246241 V. ALABAMA DEPT. OF CORRECTIONS, ET Al.</u>
<u>CIVIL ACTION NO.   CV-06-990</u>

Page 2

I deny that I have violated the Plaintiff's constitutional rights in any way.

_____
Richard Allen
Commissioner

SWORN TO AND SUBSCRIBED before me this 27th day of December 2006.

_____
NOTARY PUBLIC

6 Mar 08
_____
MY COMMISSION EXPIRES